CLERK'S OFFICE U.S. DIST COURT
AT ROANOKE, VA
FILED

FEB 2 6 2010

JOHN F. CORCORAN, CLERK
BY:
       DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
HARRISONBURG DIVISION

PATRICIA ANN PATTERSON,  )
    Plaintiff,  )   Civil Action No. 5:10cv00006
   )
v.  )   **MEMORANDUM OPINION**
   )
AVANTE AT WAYNESBORO,  )
INC., et al.,  )   By: Samuel G. Wilson
    Defendants.  )   United States District Judge

Plaintiff, Patricia Ann Patterson, brought this case on December 17, 2009, in the Circuit Court for the City of Waynesboro alleging, among other things, wrongful discharge in violation of Va. Code § 32.1-138.4., which provides that "no nursing facility may retaliate or discriminate against any person who . . . attempts to assert any right protected by state or federal law." Defendants removed the case to this court on January 25, 2010, pursuant to 28 U.S.C. §§ 1331 and 1441, relying on the "federal law" provision of the Virginia statute to establish Federal Question jurisdiction. Patterson filed a motion to remand on February 1, 2010, the court held a hearing on the motion on February 25, 2010, and the matter is currently before the court on that motion. Because Patterson's claim is not solely dependent on an interpretation of federal law, the court concludes that it was improperly removed and the court remands it to the Circuit Court for the City of Waynesboro, VA for lack of jurisdiction.

A defendant may remove a case pursuant to § 1441 if "the district courts of the United States have original jurisdiction" over the matter. Federal district courts have original jurisdiction under § 1331 over "all civil actions arising under the Constitution, laws, or treaties of the United States." When in cases, such as this one, the cause of action does not itself stem from a federal law, a case may still be said to "arise under federal law 'where the vindication of a right

under state law necessarily turn[s] on some construction of federal law.'" Dixon v. Coburg Dairy, Inc., 369 F.3d 811, 816 (4th Cir. 2004) (quoting Merrell Dow Pharm. v. Thompson, 478 U.S. 804, 808 (1986)). This exception applies only if "'the plaintiff's right to relief necessarily depends on a substantial question of federal law.'" Id. (citing Franchise Tax Bd. v. Constr. Laborers Vacation Trust, 463 U.S. 1, 9 (1983)). "A plaintiff's right to relief for a given claim necessarily depends on a question of federal law *only when every legal theory supporting the claim requires the resolution of a federal issue.*" Id. (emphasis added). Therefore, "if the plaintiff can support his claim with even one theory that does not call for an interpretation of federal law, his claim does not 'arise under' federal law for purposes of § 1331." Id. at 817.

In this case, as in Dixon, the statute giving rise to the claim for relief is a state statute that prohibits retaliatory actions by employers against their employees for exercising rights protected by either state or federal law. Because the plaintiff can maintain a claim for relief for violations of either state or federal law, not "every legal theory supporting the claim requires the resolution of a federal issue." Id. at 816. Therefore, the court would not have had original jurisdiction under § 1331, and the defendants did not appropriately remove the case under § 1441. Accordingly, pursuant to 28 U.S.C. § 1447, the court will grant Patterson's motion to remand.[1]

**Enter:** This 26th day of February, 2010.

UNITED STATES DISTRICT JUDGE

---

[1] The plaintiff has also moved, pursuant to § 1447(c), for attorney fees and costs related to the removal of this case. The award of fees in these circumstances is discretionary and generally turns "on the reasonableness of the removal." Martin v. Franklin Capital Corp., 546 U.S. 132, 141 (2005). "Absent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for removal." Id. In this case, after oral argument on the matter, it is clear that the defendants had at least an objectively reasonable, if erroneous, belief that the claim was removable based on the language of the state statute. Accordingly, the court declines to award fees.